IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHARLES A. CLARK,

     Plaintiff,

v.                                      No. 09-1152

WARDEN TONY PARKER, et al.,

     Defendants.
_____

ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER FOR CONSOLIDATION
AND FOR CONSOLIDATION
_____

The inmate Plaintiff, Charles A. Clark, initiated this action in the Circuit Court for Davidson County, Tennessee on January 23, 2009 against various Defendants, including Corrections Corporation of America and officials at West Tennessee State Prison ("WTSP"), Southeastern Tennessee State Regional Correctional Facility ("SETSRCF") and Whiteville Correction Facility ("WCF"), alleging constitutional violations pursuant to 42 U.S.C. § 1983.  According to the complaint, Clark was assaulted by gang members while incarcerated at WTSP in Henning, Tennessee in January 2008, which resulted in serious injury to his head and eye.  He was later transferred to SETSRCF, located in Pikeville, Tennessee.  Shortly thereafter, he began to experience harassment from members of the same inmate gang.  On July 23, 2008, he was attacked again.  That Fall, he was transferred a second time, to WCF in Whiteville, Tennessee.  He alleged that officials at all three facilities were deliberately indifferent in failing to take adequate precautions to ensure his safety and provide appropriate medical care for his injuries.

The matter was removed to the United States District Court for the Middle District of Tennessee on March 23, 2009.  On July 1, 2009, United States District Judge Aleta A. Trauger

granted the motion of the Defendants to sever and transfer.  Specifically, Judge Trauger found that the events alleged in the complaint, which occurred at three different facilities in two different federal judicial districts, did not constitute the same occurrence or transaction or series of occurrences or transactions.  Thus, the claims were severed.  In addition, the court transferred the claims against WTSP to the United States District Court for the Western District of Tennessee, Western Division (Case No. 09-2459), the claims against WCF to this Court, and the claims as to SETSRCF to the United States District Court for the Eastern District of Tennessee, Southern Division.

Before the Court is Clark's motion to transfer this case to the Western Division for purposes of consolidation with Case No. 09-2459 pursuant to 28 U.S.C. § 1404(a) and Rule 42(a) of the Federal Rules of Civil Procedure.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "To transfer an action under § 1404(a) the following criteria must be met:  (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and the parties."  Hige v. Turbonetics Holdings, Inc., ___ F. Supp. 2d ___, 2009 WL 2960460, at *9 (E.D. Mich. Sept. 11, 2009) (citation omitted).  The court should consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.), cert. denied 502 U.S. 821, 112 S. Ct. 81, 116 L. Ed. 2d 54 (1991) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988)).

> In determining whether a transfer would serve the interest of justice, relevant factors include: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Hige, 2009 WL 2960460, at *10 (quoting Perceptron, Inc. v. Silicon Video, Inc., 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006)). "The party seeking transfer under 28 U.S.C. § 1404 bears the burden of establishing that the balance of relevant factors weighs 'strongly in favor of transfer.'" Svete v. Wunderlich, No. 2:07-CV-156, 2009 WL 3028995, at *2 (S.D. Ohio Sept. 16, 2009) (quoting Centerville ALF v. Balanced Care Corp., 197 F. Supp. 2d 1039, 1049 (S.D. Ohio 2002)). The district courts are bestowed with broad discretion in deciding § 1404(a) motions. Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009), *reh'g denied* ___ F.3d ___, 2009 WL 3081198 (6th Cir. Sept. 24, 2009).

Rule 42(a) permits consolidation "if actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidated cases maintain their separate identity, however. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412 (6th Cir. 1998). While "consolidation is permitted as a matter of convenience and economy in administration, it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Id. (citation omitted). "Any savings of litigant or judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation." MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc., Nos. 2:09-cv-521, 2:09-cv-522, 2:09-cv-523, 2:09-cv-529, 2009 WL 2983072, at *1 (S.D. Ohio Sept. 14, 2009). "It is not a prerequisite to consolidation that there be a complete identity

of legal and factual issues posed in the cases which are the subject of the request.  Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources."  Id. (internal citations omitted).

In support of his motion, the Plaintiff takes issue with Judge Trauger's conclusion that the original lawsuit did not constitute the same transaction or occurrence.  He argues that these now severed actions involve the same Plaintiff, the same injury, the same allegations of improper treatment at each of the three facilities, and the same legal theory of recovery.  Moreover, they would, he asserts, result in tripled discovery costs and travel expenses, as well as potentially inconsistent judgments.  The Defendants oppose the relief sought, pointing out that the cases deal with different sets of circumstances, witnesses and records.  They also maintain that transfer would require the Defendants in this case to travel greater distances to the Memphis courthouse, where the Western Division is located, and create an onerous discovery burden on Defendants' attorneys by requiring them to attend depositions and review written discovery in both consolidated cases.  In addition, it is their contention that whatever happened to the Plaintiff at WTSP has no impact on the liability of officials at WCF.

At the outset, the Court is unwilling to address whether Judge Trauger's conclusions were correct.  That is a question best directed to the Sixth Circuit on appeal.  As to the merits of the motion, the Court finds that consolidation is not appropriate.  The only "facts" the two cases pending in this district have in common is the Plaintiff and his alleged unresolved injury.  However, what each facility did or failed to do with respect to Clark's medical condition or safety has no bearing

on the potential liability of the other.  Thus, there is no danger of "inconsistent" judgments while the potential for confusion and/or prejudice is significant.  This, in the Court's view, outweighs any savings to the Plaintiff and the Court that might be achieved by consolidation.  As the Court finds consolidation unwarranted and there is no other basis beyond consolidation for a transfer of this matter to the Western Division, the motion is DENIED in its entirety.

IT IS SO ORDERED this 19th day of October, 2009.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE